UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-290 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Keith Haywood, | |
| Defendant. | |

---

This matter is before the Court on the Mr. Haywood's motions for discovery, disclosure, and other non-dispositive relief (ECF Nos. 36-43). The Government did not file any motions. The Court will address Mr. Haywood's Motion to Suppress Evidence Obtained by Search Warrant (ECF No. 44) in separate report and recommendation upon receiving and reviewing the parties' additional briefing. Based on the non-dispositive motions, and on the entire file, the Court enters the following Order.

**I.      Motion for Discovery and Inspection (ECF No. 36)**

Mr. Haywood's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to 16(a)(1)(G) and 16(b)(1)(C), as the Court previously ordered (ECF No. 20 ¶ 4), the following deadlines shall apply:

   a. Initial expert disclosures: 28 days prior to trial.

   b. Rebuttal expert disclosures: 14 days prior to trial.

Mr. Haywood also seeks information related to the Government's confidential informant. Consistent with *Rovario v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 352 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any such informant who was a participant in or material witness to the charged conduct. The Government shall disclose additional information regarding confidential informants to the extent required under *Brady*, *Giglio*, the Jencks Act or other applicable statutory or constitutional rules.

## II.     Motion for List of Government Witnesses (ECF No. 37)

Mr. Haywood's motion to compel immediate disclosure of the names and addresses of individuals the Government intends to call at trial, including those who may be witnesses only in rebuttal, is **DENIED WITHOUT PREJUDICE**. The Government's disclosure requirements are confined to its obligations under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, none of which contemplate early disclosure of the information Mr. Haywood seeks. Mr. Haywood may direct his request for a witness list to the District Judge at the appropriate time pursuant to the District Judge's trial order.

## III.    Motion for Disclosure of Grand Jury Transcripts and Minutes (ECF No. 38)

Mr. Haywood's motion to inspect and copy all minutes and transcripts of the Grand Jury that returned his indictment is **DENIED**. "It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United*

*States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Mr. Haywood has not made any showing of a particularized need for grand jury materials. However, the Government has agreed to provide the grand jury transcript of any witness who testified before the grand jury and who also testifies at trial or at a hearing, upon agreement that Mr. Haywood will return the transcript immediately after the witness completes testimony.

**IV.     Motion for Partial Attorney Conducted Voir Dire (ECF No. 39)**

Mr. Haywood's motion that his attorney participate in jury voir dire is **DENIED WITHOUT PREJUDICE.** Jury voir dire is an aspect of trial management that is entirely within the discretion of the trial court. *See* Fed. R. Crim. P. 24(a). Mr. Haywood may present his motion directly to the District Judge at a later time if he so chooses.

**V.     Motion for Jencks Act Material (ECF No. 40)**

Mr. Haywood's motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). However, the Government has agreed to voluntarily attempt to negotiate reciprocal exchange of Jencks Act material with defense counsel three days prior to trial. The Court encourages the Government to disclose its Jencks Act material as soon as possible to avoid unnecessary delays at trial and to promote the fairness of the proceedings.

**VI.     Motion for Notice of Prior Convictions and Bad Acts (ECF No. 41)**

Mr. Haywood's motion for disclosure of Rule 404(b) evidence is **GRANTED.** The Government shall provide the notice required by Rule 404(b) at least **21 days** before trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid

unnecessary delays.  The notice requirement does not apply to evidence that is inextricably intertwined with the offense conduct charged.

VII.  **Motion for Disclosure of Exculpatory Evidence and Impeaching Information (ECF No. 42)**

Mr. Haywood's motion to compel the Government to disclose evidence favorable to him is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny.  These cases impose affirmative and ongoing disclosure obligations on the Government.

VIII.  **Motion to Retain Rough Notes (ECF No. 43)**

As the Court previously ordered (ECF No. 20 ¶ 5), Mr. Haywood's motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**. Disclosure of rough notes is not required at this time.  Further, this Order does not apply to non-law enforcement officials.

**SO ORDERED.**

Dated: August 30, 2023                              *s/ Dulce J. Foster*
                                                              DULCE J. FOSTER
                                                              United States Magistrate Judge