UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                            Plaintiff,

v.

KEITH HAYWOOD,

                            Defendant.

Criminal No. 22-290 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

David Green and Thomas Calhoun-Lopez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Keith Haywood, Registration Number 47781-510, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330, *pro se* Defendant.

Defendant Keith Haywood pleaded guilty to possession with intent to distribute a controlled substance and was sentenced to 100 months in prison. (Sentencing J. at 1–2, Aug. 20, 2024, Docket No. 106.) Haywood has since filed an appeal of the sentencing judgment and an application to proceed in forma pauperis ("IFP") on appeal. (Not. of Appeal, Oct. 7, 2024, Docket No. 112; Appl. to Proceed IFP on Appeal, Oct. 7, 2024, Docket No. 113.)[1] When Haywood pleaded guilty, he also agreed to waive his right to appeal the

---

[1] The Court is aware of Haywood's pending motion to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel. (Mot. to Vacate, Oct. 7, 2024, Docket No. 110.) The issues raised in his § 2255 motion will not be before the Eighth Circuit at this time, so the Court will not address them in its ruling on Haywood's application to proceed IFP on appeal.

substantive reasonableness of any sentence at or below the high end of the anticipated guidelines range: 105 months. (Plea Agreement ¶ 14, Apr. 5, 2024, Docket No. 87.) Haywood acknowledged this waiver during his change of plea hearing and again when sentenced. Because the Court sentenced Haywood to 100 months and that sentence was below 105 months, the Court finds Haywood sufficiently waived his right to appeal this sentence. Thus, his appeal of the reasonableness of the sentencing judgment is frivolous, so the Court will deny his application to proceed IFP on appeal.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legal frivolity includes when "none of the legal points are arguable on their merits." *Id.* (cleaned up).

An appeal waiver will be upheld if the appeal falls within the scope of the waiver, the waiver and plea agreement were both entered into knowingly and voluntarily, and

upholding the waiver will not result in a miscarriage of justice. *United States v. Johns*, No. 23-1539, 2024 WL 1340697, at *1–2 (8th Cir. Mar. 29, 2024). The appeal is clearly within the scope of the waiver as the sentence imposed was below 105 months. When the Court accepted Haywood's guilty plea, it confirmed Haywood was competent and that he entered his guilty plea, including the appeal waiver, knowingly and voluntarily.[2] Finally, upholding this waiver agreement would not result in a miscarriage of justice. The sentence imposed fell within the anticipated guideline range, which was substantially lower than the actual guideline range. Because Haywood waived his right to appeal this sentence in the plea agreement, his appeal is frivolous. Accordingly, the Court will deny his application to proceed IFP on appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Application to Proceed In Forma Pauperis on Appeal [Docket No. 113] is **DENIED**.

DATED: November 5, 2024                   \_\_\_\_\_s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                           United States District Judge

---

[2] Haywood raises the issue of voluntariness in his § 2255 motion for ineffective assistance of counsel, but that issue is more properly considered in the collateral proceedings, so the Court will not address those arguments here. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006).