**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                                      Criminal No. 22-290 (JRT/DJF)

           Plaintiff,

v.

KEITH HAYWOOD,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

           Defendant.

---

David Green, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Plaintiff.

Keith Haywood, Register No. 47781-510, FCI Leavenworth, Federal Correctional Institution, Post Office Box 1000, Leavenworth, KS 66048, *pro se* Defendant.

Defendant Keith Haywood is serving a 100-month sentence in the custody of the Bureau of Prisons after he pled guilty to one count of possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  Defendant's conviction was affirmed by the Eighth Circuit Court of Appeals.  *See United States v. Haywood*, No. 24-3048, 2025 WL 1096732 (8th Cir. Apr. 14, 2025).  Haywood moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  Because Haywood has failed to meet his burden under § 2255, the Court will deny the motion.

## BACKGROUND

In 2022, Haywood was charged in a four-count indictment with being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Counts 1–2), possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 3), and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) (Count 4).  (Indictment, Oct. 25, 2022, Docket No. 6.)

Haywood hired attorney Erik Newmark to represent him in 2023.  (*See* Notice of Appearance, April 11, 2023, Docket No. 28.)  Newmark filed several pre-trial motions on Haywood's behalf.  (*See* Docket Nos. 36–44.)  Among them, Newmark filed a motion to suppress evidence in which he argued that (1) the information in the warrant was stale; (2) the warrant lacked probable cause; (3) the search exceeded the scope of the warrant; and (4) and that automobile or good-faith exception applied.[1]  Magistrate Judge Dolce J. Foster held a hearing on the motion.  (Min. Entry, Nov. 2, 2023, Docket No. 64.)  The Magistrate Judge recommended denying Haywood's motion.  (Report & Recommendation ("R&R") at 14, Jan. 5, 2024, Docket No. 73.)

Newmark requested and obtained four extensions of time to file objections to the R&R.  (*See* Docket Nos. 74–79, 81–82.)  Newmark's second, third, and fourth extension

---

[1] (*See* Mot. to Suppress, May 15, 2023, Docket No. 44; Def.'s Mem. Supp. Mot. to Suppress, Sept. 22, 2023, Docket No. 59; Def.'s Post-Hr'g. Mem. Supp. Mot. to Suppress, Nov. 30, 2023, Docket No. 68.)

motions disclosed that the parties were engaging in settlement discussions. (*See* Docket No. 76, 78, 81.) On February 27, 2024, the Court granted Newmark's fourth motion for an extension of time, ordering that Haywood's objections be filed by March 1, 2025. (Docket No. 82.) On February 29, "Defendant . . . advised the Court that this matter ha[d] resolved," and the Court scheduled a change-of-plea hearing. (*See* Docket No. 83.)

On April 5, 2024, the Court held the change-of-plea hearing, and the parties filed an executed plea agreement. (*See* Docket Nos. 86–88.) Haywood pled guilty to Count 3 of the Indictment, which charged him with possession with intent to distribute a controlled substance. (Plea Agreement ¶ 1, Apr. 5, 2024, Docket No. 87.)

The plea agreement contemplated an offense level of 25 and a criminal history category of IV, yielding a Guidelines range of 84 to 105 months imprisonment. (*Id.* ¶ 7(f).) Haywood waived the right to appeal his sentence; except, he retained the right to appeal a sentence above 105-months imprisonment. (*Id.* ¶ 14.)

Before sentencing, United States Probation and Pretrial Services prepared a Presentence Investigation Report (PSR). (PSR, July 3, 2024, Docket No. 95.) The PSR calculated Haywood's offense level to be 25, consistent with the plea agreement. (*Id.* ¶ 22.) The PSR, however, calculated Haywood's criminal history score to be 14, thereby yielding a criminal history category of VI, not IV. (*Id.* ¶ 41.) Because Haywood's criminal history category was VI, his Guidelines range was 110 to 137 months imprisonment. (*See*

*id.* ¶ 76.)   The PSR further noted that the statutory mandatory minimum term of imprisonment is 60 months.  (*Id.* ¶ 75.)

Haywood objected to the PSR (Docket No. 92), and Newmark filed a motion for a variance (Docket No. 101) and a motion for downward departure (Docket No. 102) on Haywood's behalf.  The probation officer determined that, despite Haywood's objections, there was "no impact on the advisory guideline range."  (PSR at 95 (Addendum), July 3, 2024, Docket No. 95.)  Newmark also filed a position memorandum, arguing for an 84-month sentence.  (Docket No. 100.)  Although the requested sentence was below the Guidelines range set forth in the PSR, an 84-month sentence was at the low end of the Guidelines range contemplated by the plea agreement.  (*See id.*)  The Government requested a 100-month sentence.  (Docket No. 103.)

On August 20, 2024, the Court sentenced Haywood to 100-months imprisonment, to be followed by four years of supervised release.  (Sentencing J., Aug. 20, 2024, Docket No. 106.)  Consistent with the PSR, the Court concluded that the applicable Guidelines range was 110 to 137 months, based on a total offense level of 25 and a criminal history category of VI.  (Statement of Reasons at 1, Aug. 20, 2024, Docket No. 107.)  The Court nevertheless granted Haywood's motion for a downward departure under U.S.S.G. § 4A1.3, finding that Haywood's "criminal history score substantially overrepresents his criminal history, which results in a two-point reduction in Defendant's criminal history score."  (Statement of Reasons at 2, 4.)  Haywood appealed, and the Eighth Circuit

affirmed, concluding that Haywood had waived his right to appeal because the sentence the Court imposed was below the 105-month threshold set forth in the plea agreement. *Haywood*, 2025 WL 1096732, at *1.

Haywood now moves to vacate his sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.[2]

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Section 2255 allows a federal prisoner an opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). As the movant, Haywood bears the burden to show that he is entitled to relief under § 2255. *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

---

[2] The Government does not dispute that Haywood's § 2255 motion is timely.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

A federal prisoner may seek post-conviction relief for ineffective assistance of counsel.  The Court evaluates claims of ineffective assistance of counsel brought under § 2255 using the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011).  Generally, "a showing of ineffective assistance of counsel satisfies both cause and prejudice," but the defendant "faces a heavy burden" to demonstrate ineffective assistance.  *Apfel*, 97 F.3d at 1076. Under *Strickland*, the defendant must first establish that "his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance."  *Morelos v. United States*, 709 F.3d 1246, 1249–50 (8th Cir. 2013).  Second, the defendant must show that "he suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result."  *Id.* at 1250.  "Failure to establish either prong is fatal to a claim of ineffective assistance."  *Id.* Further, when considering if counsel's performance was deficient, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).[3]

---

[3] In Haywood's reply brief, he also argues that the prosecutor engaged in prosecutorial misconduct. (Reply Mem. at 5, Oct.6, 2025, Docket No. 143.)  The Court disagrees and finds, after careful review of the arguments and the record, that Haywood has not met his burden of showing prosecutorial misconduct.  The Court will, therefore, focus its analysis on the thrust of Haywood's claims—ineffective assistance of counsel.

Haywood alleges four grounds for ineffective assistance of counsel.  The Court will address each ground in turn.

**First**, Haywood argues that Newmark was ineffective because he did not file objections to the Magistrate Judge's R&R, which recommended denying his motion to suppress.  (Def.'s Mot. to Vacate at 4, Oct. 7, 2024, Docket No. 110.)  In support, Haywood submitted writings that he allegedly sent to Newmark in March 2024.  (*Id.*, Ex. 1.)  The Court rejects Haywood's argument because it is contradicted by the record.  The Magistrate Judge issued the R&R on January 5, 2024.  On March 3, 2024, Haywood sent Newmark a letter, requesting that he file an objection.  (*Id.*, Ex. 1.)  However, three days before Haywood's letter, "Defendant . . . advised the Court that this matter ha[d] [been] resolved and requested a change-of-plea hearing."  (Order, Feb. 29, 2024, Docket No. 83.)  The Court then scheduled a change-of-plea hearing for April 5, 2024, and the parties filed a signed plea agreement on that date.  (*See generally* Plea Agreement.)  By pleading guilty, Haywood "knowingly, willingly, and voluntarily g[a]ve up the right to have any pending motions resolved" and agreed to "withdraw[] any motions previously filed, including but not limited to his motion to suppress evidence obtained by search warrant."  (*Id.* ¶ 3.)  Because Haywood agreed to withdraw any pending motions, the Court cannot find that Newmark's failure to file objections constituted ineffective assistance of counsel.

**Second**, Haywood asserts that Newmark was ineffective because Newmark failed to show Haywood a copy of the PSR before Haywood signed the plea agreement.  (Def.'s

Mot. to Vacate at 5.)  This argument fails.  The Federal Rules of Criminal Procedure simply require the probation office to "conduct a presentence investigation and submit a report to the court **before** it imposes [a] sentence[.]"  Fed. R. Crim. P. 32(c)(1)(A) (emphasis added).  The probation officer need not submit a presentence investigation report before a change-of-plea hearing.  *See United States v. Bradin*, 535 F.2d 1039, 1040 (8th Cir. 1976) (noting that presentence investigation reports, "of course, are not normally available to the Court prior to the acceptance of a plea").  Indeed, the Court did not request a presentence investigation and report until the parties appeared for the change-of-plea hearing.  (*See* Min. Entry, Apr. 5, 2024, Docket No. 86.)  Because the probation officer is not required to submit a PSR before a change-of-plea hearing, Newmark was not ineffective by failing to provide Haywood with a copy of a PSR before Haywood signed the plea agreement.

**Third**, Haywood claims that Newmark was ineffective because Newmark allegedly stated prior to sentencing "that he would argue for the mandatory minimum," but at sentencing, Newmark "said nothing about getting the mandatory minimum."  (Def.'s Mot. to Vacate at 7.)  On the record before the Court, the Court finds that Haywood has failed to set forth facts sufficient to justify relief under § 2225 on this basis.  By pleading guilty to Count 3, Haywood faced a mandatory minimum sentence of 5 years.  *See* 21 U.S.C. § 841(b)(1)(B); (*see also* PSR ¶¶ 2, 75).  In both his written and oral arguments, Newmark argued in favor of an 84-month sentence, which is well below the 110-to-137-month

range set forth in the Guidelines. Haywood offers nothing more than vague and conclusory allegations that Newmark promised to argue in favor of a mandatory minimum sentence—allegations which are insufficient to justify relief under § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (noting that "vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255"). Even if Newmark had represented to Haywood that he would request mandatory minimum sentence, Newmark's decision to argue in favor of a sentence greater than the mandatory minimum—yet significantly less than the low end of the Guidelines range—appears to amount to a strategic or tactical decision that is "virtually unchallengeable" under *Strickland*. *See Hinton v. Alabama*, 571 U.S. 263, 275 (2014) ("Under *Strickland,* 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . .'" (quoting *Strickland*, 466 U.S. at 690)). It is especially difficult for the Court to find ineffective assistance of counsel when the record indicates that Newmark's advocacy resulted in a length of sentence significantly below the Guidelines range.

**Fourth**, Haywood claims that Newmark violated the Rules of Professional Conduct—and was therefore ineffective—by failing to stay in contact with Haywood during the proceedings. (Def.'s Mot. to Vacate at 8.) Other than stating that the longest period during which Newmark failed to communicate with Haywood was three months, and that Haywood felt as if he "was always left in the dark about court issues because of

[Newmark's] long periods of no contact," Haywood provides no additional information to support this claim.  Haywood's allegations—without more—are insufficient to show that Newmark "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

In sum, Haywood bases his claim of ineffective assistance of counsel on four grounds.  The Court concludes that he has failed to show that "his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance."  *See Morelos*, 709 F.3d at 1249–50.  The Court further finds that even if Newmark's performance was deficient, Haywood has failed to show that he suffered prejudice such that "there is a reasonable probability the proceeding would have had a different result." *See id.* at 1250.

Accordingly, Haywood has failed to demonstrate that he was denied effective assistance of counsel.  The Court will therefore deny him relief under 28 U.S.C. § 2255.[4]

---

[4] A movant is entitled to an evidentiary hearing on a § 2255 motion unless the "claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).  Because the Court has concluded that each argument raised by Haywood in his § 2255 motion is either contradicted by the record or is insufficient to demonstrate ineffective assistance of counsel, an evidentiary hearing is not required.  *See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (affirming denial of evidentiary hearing for § 2255 motion based on ineffective assistance of counsel for lack of "credible, non-conclusory evidence").

III.    **CERTIFICATE OF APPEALABILITY**

The Court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings.  *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).  The Court concludes that Haywood has not shown that reasonable jurists would find the issues raised in Haywood's motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the Court declines to grant a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant Keith Haywood's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. [110]) is **DENIED.**

2.  No certificate of appealability is issued under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 10, 2026                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge